# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HAROLD MURRAY,<br><br>       Plaintiff,<br>v.<br><br>ALTA RESOURCES CORP.,<br><br>       Defendant. | Case No. 17-CV-1280-JPS<br><br>**ORDER** |

    Plaintiff, Harold Murray, with the assistance of counsel, filed a complaint alleging that Defendant, his former employer, discriminated against him based on his race and age. (Docket #1). Before the Court is Plaintiff's petition to proceed *in forma pauperis*. (Docket #2).

    In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers in his motion that he is self-employed, married, and has a teenager daughter whom he supports. (Docket #2 at 1–2). He earns $300 per month in wages, while his spouse earns $1,450 per month. *Id.* at 2. He also states that he receives an additional $1,450 per month in disability payments and "self-employment," though he does not explain why this portion of his income is different from his wages, which also stem from self-employment. *Id.*

    Plaintiff asserts that his monthly expenses, including rent, car payments, credit card payments, and other household expenses, total $2,873. *Id.* His assets include two vehicles, a 2006 Kia Sedona, which he values at $1,500, and a 2016 Dodge Dart, which he values at $11,000. *Id.* at

3–4. Finally, he claims to have $50 in a bank account. *Id.* On these averments, particularly in light of the fact that Plaintiff's family income barely exceeds his expenses, the Court finds that Plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

However, notwithstanding any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

As noted above, Plaintiff's complaint concerns alleged workplace discrimination he suffered on account of his race and age. (Docket #1). He claims that, because of his membership in these protected classes, he was denied incentive bonuses, given performance critiques without sufficient reason, denied the ability to work unpaid hours to make up FMLA leave he had used, and eventually terminated. *Id.* at 3–4. His allegations, drafted with the aid of counsel, are detailed, describing the timeline of relevant events and connecting those allegations to racial or age-based animus. *See*

*id.* at 3–4. Given the exceedingly lenient standard of review applied at screening, the Court finds that none of Plaintiff's claims are frivolous. As a result, the Court will grant Plaintiff leave to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge